NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHEMCO SYSTEMS, L.P.,**
*Appellant*

**v.**

**RDP TECHNOLOGIES, INC.,**
*Appellee*

---

2022-1459

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-01564.

---

Decided: March 10, 2023

---

JENNIFER L. SWIZE, Jones Day, Washington, DC, for appellant. Also represented by MARLEE HARTENSTEIN, MATTHEW JOHNSON, Pittsburgh, PA.

THOMAS FISHER, Cozen O'Connor P.C., Washington, DC, for appellee. Also represented by KERI SCHAUBERT, New York, NY.

---

Before MOORE, *Chief Judge*, PROST and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Chemco Systems, L.P. ("Chemco") petitioned for inter partes review of claims 1 and 2 of U.S. Patent No. 7,416,673 ("the '673 patent") owned by appellee RDP Technologies, Inc. In a final written decision, the Patent Trial and Appeal Board ("Board") determined Chemco had not shown these claims were unpatentable as obvious. The Board denied Chemco's rehearing request. Chemco appeals. We affirm.

The '673 patent generally relates to a lime slurry recirculation loop for the removal of unwanted grit particles and the extraction of lime slurry. The only issue on appeal is whether substantial evidence supports the Board's findings that two asserted prior art references do not teach or suggest a "suction line" for extraction.

Before the Board, Chemco argued that U.S. Patent No. 5,336,481 ("Muzik") disclosed all elements of claims 1 and 2 apart from an element requiring the extraction of slurry "via a suction line, through a stilling well, that allows gravity separation of grit from slurry." '673 patent claim 1. Chemco argued that either U.S. Patent No. 6,833,078 ("Espinoza") or U.S. Patent No. 6,197,190 ("Hanlon") discloses or renders obvious that element—and that, further, a person of ordinary skill in the art would have combined Muzik's slurry loop with the stilling well disclosed in those references. Chemco thus argued that the challenged claims were unpatentable as obvious over (1) Muzik in view of Espinoza or (2) Muzik in view of Hanlon.

The Board rejected Chemco's argument. In its final written decision, the Board found that neither Espinoza nor Hanlon discloses or renders obvious the required suction line. Since Chemco relied only on Espinoza or Hanlon

to teach the suction line, the Board concluded that Chemco had not shown claims 1 and 2 unpatentable as obvious.

Obviousness is a legal question based on underlying findings of fact. *Am. Nat'l Mfg. Inc. v. Sleep No. Corp.*, 52 F.4th 1371, 1379 (Fed. Cir. 2022). We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Id.*

The Board's finding that neither Espinoza nor Hanlon discloses a suction line is supported by substantial evidence. Chemco admits that neither reference explicitly mentions extraction of slurry via a suction line. Appellant's Br. 14. And its arguments that the references implicitly indicate suction or that they render use of suction obvious are unpersuasive.

As the Board found, the apparatus disclosed in Espinoza does not include a pump to create suction. J.A. 30–31. Instead, the placement of outlet line 210 below the chamber's fluid line permits removal via gravity flow. J.A. 30. Given this placement, the reference to "drawing off" a particle-rich stream from the top of the settling chamber in Espinoza does not have the same meaning as the '673 patent's reference to "drawing off" via a suction line. J.A. 30–31. Similarly, Hanlon does not teach a suction line or a pump. J.A. 35. And the Board found that Chemco did not sufficiently explain why a person of ordinary skill in the art would have chosen suction over Hanlon's collecting pipe 26. J.A. 35; *see also* J.A. 45. We conclude that substantial evidence supports these findings.

We have considered Chemco's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**